UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE No. 2:03-cr-20067(2)** |
| **VERSUS** | : | **JUDGE DRELL** |
| **DEMOND JERED FOBBS** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Vacate, Set Aside, or Correct Sentence [doc. 203] filed pursuant to 28 U.S.C. § 2255 by defendant Demond Jered Fobbs, and a motion to dismiss same [doc. 223] filed by the government. These motions were referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

### I.
#### BACKGROUND

Fobbs and a codefendant were indicted in this court on one count of conspiracy to distribute cocaine base (crack), a violation of 21 U.S.C. § 846, and one count of possession with intent to distribute cocaine base (crack), a violation of 21 U.S.C. § 841(a)(1). Doc. 12. On January 5, 2004, he pleaded guilty to count one and the remaining count was subsequently dismissed at the government's motion. Docs. 56, 57, 74. Fobbs was then sentenced on May 24, 2004, to a 300 month term of imprisonment, and his sentence was affirmed on appeal. Docs. 74, 80.

On October 16, 2006, Fobbs filed his first motion for relief under 28 U.S.C. § 2255 in this court. Doc. 82. The court ordered a response from the government and, after receiving same,

denied the motion on the merits by judgment signed on December 15, 2006.[1] Docs. 83, 88, 89. Fobbs then filed a second motion to vacate under § 2255, asserting that he is entitled to relief based the Supreme Court's decision in *United States v. Johnson*, 135 S.Ct. 2551 (2015), made retroactively applicable in *United States v. Welch*, 136 S.Ct. 1257 (2016). Doc. 203; *see* doc. 207 (memorandum in support). Fobbs argues that *Johnson*, which involved the unconstitutional vagueness of a "violent felony" as defined in the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), invalidates his career offender designation under the United States Sentencing Guidelines based on the similarly worded residual clause of the career offender provisions. *Compare* U.S.S.G. § 4B1.2(a)(2) (Nov. 2003) *with* 18 U.S.C. § 924(e)(2)(B); *see Beckles v. United States*, 137 S.Ct. 886, 890–91 (2017).

Under this court's standard procedural order governing *Johnson* cases, counsel was appointed. Docs. 204, 205. That counsel withdrew on August 21, 2017. Doc. 216. The government then filed an opposition to Fobbs's § 2255 motion and a motion to dismiss, arguing that Fobbs's motion is successive and filed without required authorization from the United States Court of Appeals for the Fifth Circuit. Doc. 223. It also points out that the Fifth Circuit previously denied authorization on this petition by two orders issued in June and October 2016. *See* doc. 223, att. 2. Fobbs filed no response/reply and his time for doing so has passed.

## II.
### LAW AND ANALYSIS

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting *United States v. Frady*, 102 S.Ct. 1584, 1592 (1982)). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that

---

[1] Fobbs filed two motions to reduce sentence under 18 U.S.C. § 3582, both of which were denied. Docs. 116, 220.

could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Before ordering a response from the government, the district court must conduct a preliminary review of a § 2255 motion. Rules Governing § 2255 Proceedings in the United States District Courts, Rule 4(b). Upon that review, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." *Id.*

Because Fobbs's first § 2255 motion was adjudicated on the merits, the instant motion qualifies as successive.[2] A district court lacks jurisdiction to consider a second or successive § 2255 motion unless the Court of Appeals has granted the defendant permission to file same. *United States v. Johnson*, 303 Fed. App'x 241, 242 (5th Cir. 2008) (unpublished) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)). When faced with an unauthorized second or successive § 2255 motion, some district courts opt to transfer the matter to the Fifth Circuit for a determination of whether the petitioner should be allowed to proceed, pursuant to *In re Epps*, 127 F.3d 364 (5th Cir. 1997). However, transfer is not mandatory and *Epps* instead "merely adopts a procedure to be used when a district court determines that transfer is appropriate." *Byrd*, 2016 WL 6538506 at *3.

---

[2] "Second or successive" is a "term of art" in federal habeas law. *In re Lampton*, 667 F.3d 585, 587–88 (5th Cir. 2012). This term "does not encompass all applications filed second or successively in time," but instead "must be interpreted with respect to the judgment challenged." *Id.* (citing *Magwood v. Patterson*, 130 S.Ct. 2788, 2796–97 (2010)) (internal quotations omitted). However, with respect to applications challenging the same judgment, one "filed after a previous application was fully adjudicated on the merits is a second or successive application . . . even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 116 S.Ct. 2333 (1996)).

The Court of Appeals will only authorize the filing of a successive § 2255 motion under certain circumstances. Relevant to this matter, a successive motion should be authorized if it relies on "a new rule of constitutional law, made retroactive to cases on collateral review, that was previously unavailable." 28 U.S.C. § 2255(h). As noted supra, Fobbs relies on *Johnson*, 135 S.Ct. 2551 (2015), made retroactively applicable in *United States v. Welch*, 136 S.Ct. 1257 (2016). It is not enough that the movant merely cite new Supreme Court precedent, however. If the movant has cited a new rule of constitutional law but that the law is inapplicable to his case, the request for authorization should be denied. *E.g.*, *In re Arnick*, 826 F.3d 787 (5th Cir. 2016). Accordingly, we analyze Fobbs's *Johnson* argument to see if there is any basis for transferring his motion.

As noted above, *Johnson* involved a determination of unconstitutional vagueness within the ACC. Specifically, the Court held that a portion of the statutory definition of a "violent felony" in the ACCA's residual clause, at § 924(e)(2)(B)(ii), was unconstitutionally vague. 135 S.Ct. at 2563. Thus, a sentence enhancement based on that provision violated a defendant's right to due process. *Id.* Fobbs was not convicted under the ACCA and instead asserts that *Johnson* also invalidates the definition of a "crime of violence" as it pertains to the United States Sentencing Guidelines' career offender designation. After Fobbs's motion was filed, the Supreme Court addressed this issue and held that the Sentencing Guidelines are not subject to vagueness challenges. *Beckles v. United States*, 137 S.Ct. 886 (2017). That ruling, however, was based on the application of the Guidelines after *United States v. Booker*, 125 S.Ct. 738 (2005), when the Guidelines became advisory instead of mandatory. *See Beckles*, 137 S.Ct. at 890–92 (holding that "the **advisory** Guidelines are not subject to vagueness challenges . . . .") (emphasis added). The Court took no position on whether *Johnson* applied to the mandatory Guidelines. *Id.* at 137 S.Ct. 903, n. 4 (SOTOMAYOR, J., concurring); *see, e.g.*, *Moore v. United States*, 871 F.3d 72 (1st Cir.

2017) (allowing defendant sentenced under pre-*Booker* Guidelines to proceed with a successive *Johnson* § 2255 motion). Accordingly, relevant case law issued since the Fifth Circuit's two previous denials of authorization shows that Fobbs **may** be entitled to relief under his successive § 2255 motion based on a vagueness challenge to the pre-*Booker* Guidelines. The matter should be transferred to the Fifth Circuit for determination on his right to proceed with a successive motion.[3]

### III.
#### CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 223] be **DENIED** and that this matter be transferred to the Fifth Circuit for determination of Fobbs's ability to proceed with a successive § 2255 motion.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

---

[3] Fobbs's challenge involves the determination that his prior Louisiana convictions for aggravated battery qualify as crimes of violence under the residual clause of § 4B1.2(a) of the Sentencing Guidelines. He would not be entitled to relief under *Johnson* if these offenses also qualified under the unchallenged elements clause, and the Fifth Circuit has determined that a Louisiana conviction for aggravated battery may qualify under an identically-worded elements clause elsewhere in the Guidelines. *See United States v. Herrera-Alvarez*, 753 F.3d 132 (5th Cir. 2014). That determination, however, was made under the modified categorical approach, which narrowed the elements of aggravated battery under Louisiana law by looking to the defendant's charging documents. This court does not have sufficient information to determine whether Fobbs's aggravated battery convictions would qualify under the same approach, and would instead resolve the issue when addressing the merits of the motion.

In accordance with Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 19th day of October, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE